By the Court.
Sedgwick, Ch. J.
On the trial, defendant’s counsel asked the court to charge that “as against positive affirmative • evidence that a light was placed and burning upon the cars, the evidence of witnesses, whose attention was not directed to the fact, that they did not see any light, ought not to prevail.” This, if charged, would have misled the jury. The jurors would have thought that there were witnesses in the case, whose attention, by the testimony, had not been called to the existence or non-existence of the light. Each of the witnesses intended to be referred to by the request, had given some attention to the facts, that the jury had the power to say, sufficiently showed that if the light had been there the witness would have seen it. The witnesses swore, in substance, that their looking was toward the place, where, if the light had been where the driver swore it was, there was room to infer the witnesses would have perceived it. They were not at the time looking, for the purpose of ascertaining if there were a light, nor did they havé in their minds the subject of a light specifically, but they were looking to see all that could be seen. Their testimony was more than the mere negative testimony that they, did not see a light. The true question was, whether their evidence was true, and whether the jury were or were not convinced that if there had been a light, they would have noticed it (Culhane v. N. Y. Central & H. R. R. Co., 60 N. Y. 137 ; McKeever v. N. Y. Central & H. R. R. 88 N. Y. 667).
The counsel for defendant objected to the admission as evidence of an ordinance of the city, that every railroad company shall provide each freight car, etc., with a good light or lantern, “which shall be placed in a conspicuous *293 position on the front of said car to warn persons of its approach,” etc. The ground of the objection was, that the mere absence of a light would not charge the defendant with negligence. It was, however, admissible as one fact, which should go to the jury with the other facts, all of which the jury were to consider in passing upon the issue as to defendant’s negligence. The charge of the court accorded with the case of Houghkirk v. President, etc. D. & H. C. (92 N. Y. 221). In that, the opinion was, that “ the fact maybe proven as one of the circumstances, under which the train was moved and by which the degree of care requisite in its handling and running may be affected ; so that the question never is, whether there should have been a flagman, or one ought to have been stationed at the crossing, but whether in view of its presence or absence, the train was moved with prudence or negligence.” It is argued that there was no evidence to show that the presence or absence of a light did or could have made any difference whatever. This does not consider that the plaintiff testified that, as he crossed the street, he looked in the direction from which the car was actually coming, for the purpose of ascertaining, as the jury may find, if there was a danger against which he should guard. The jury were at liberty to find that if a light had been shining from the car, he would have been warned.
The court was asked to charge that there is no evidence in the case, that one driver was insufficient to control the cars. The court said that is so charged, “but it is a question for you to determine, under the circumstances, whether it was not negligence.” There was an exception to the matter added by the court. The judge evidently meant to charge, and must have been so understood, that there was no testimony specifically and directly, that one driver was insufficient, but that there was circumstantial evidence on the point upon which the jury should pass. The circumstances, as the jury might find them, were, that as the plaintiff was standing in a place of safety outside of *294 the defendant’s tracks, the driver of the car negligently drove his four horses, so that the leading horses went off the track, struck the plaintiff, and knocked him down; that at this point, the driver saw him and tried to stop the horses, by pulling them back, and the car by turning the brake; that if he had not been alone, and there had been another with him, to take the horses or the brake, the car might have been stopped before its wheels turned upon the arm of the plaintiff. The charge was not erroneous.
The court was asked to charge that if the plaintiff has failed to establish, by proof, that he looked up and down the Fourth avenue track, he is chargeable with negligence, if by so looking he could have seen the horses and car approaching. The court said, that in regard to that, he made the same remark, that he had made as to the preceding request. That was, “of course a man before crossing the street is bound to look up and down the street, and to take all the precautions that a prudent person would take under the circumstances. If he failed to do so, then he is guilty of negligence, and if you find he did not exercise ordinary care and caution, he cannot recover.” It is argued that this remark did not embrace all that there was noted in the request. It seems to me that the court, in using the words “crossing the street is bound to look up and down the street,” must have been understood to refer to looking up and down the Fourth avenue track.
My opinion is, that there was sufficient testimony as to plaintiff’s freedom from contributory negligence, to make a case for the jury on that point.
Judgment affirmed, with costs.
O’Gorman, J., concurred.